

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DERRICK JEROME HAWTHORNE, | ) | Civil Action No. 7:16-cv-00208 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BARKSDALE, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Derrick Jerome Hawthorne, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff names numerous staff of the Red Onion State Prison ("ROSP") as defendants: Warden Barksdale, Assistant Warden Hamilton, Unit Manager Duncan, Lt. Gilbert, Sgt. Messer, and Officers Gentry and Ramsey. This matter is before me for screening pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff complains that inmates put their urine and feces in the ventilation system and that he is forced to breathe in foul smells. Plaintiff concludes that, as a result, he suffers "physical and mental harm of anguish and mental distress – imminent danger and irreparable harm."

Plaintiff further complains that Sgt. Messer and Officers Gentry and Ramsey refused to escort him to outside recreation "on the first shift." Plaintiff again concludes that this omission causes "mental distress and mental anguish and physical harm to a mental and physical sickness." Also, Plaintiff complains that Officers Gentry and Ramsey harass him and threaten him. Plaintiff alleges in a sentence fragment that he experiences these issues because he filed a habeas petition.

## II.

I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Plaintiff fails to state a claim upon which relief may be granted. Plaintiff does not allege facts involving any defendants but Sgt. Messer and Officers Gentry and Ramsey. For these defendants, Plaintiff complains about not receiving recreation and being threatened. Plaintiff fails to describe, beyond mere labels and conclusions, the deprivation of a basic human need and

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

2

consequent physical harm. See, e.g., Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). Furthermore, verbal abuse or harassment does not rise to the level of an Eighth Amendment violation. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (table) (unpublished) (stating as a general rule that verbal abuse of inmates by guards, without more, does not state a constitutional claim); see, e.g., Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991); Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983); Keyes v. City of Albany, 594 F. Supp. 1147 (N.D.N.Y. 1984). Plaintiff cannot proceed against defendants on respondeat superior alone, and he fails to describe a defendant's act or omission that violated a federal right. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978); West v. Atkins, 487 U.S. 42, 48 (1988). Accordingly, the complaint fails to state a claim upon which relief may be granted.

### III.

For the foregoing reasons, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

ENTER: This 16th day of August, 2016.

/s/ Jackson L. Kiser
Senior United States District Judge

3